IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES AUSMUS,

        Plaintiff,

vs.                              Case No. 22-3030-SAC

ANDREW DEDEKE and ERIC THORNE,

        Defendants.

**O R D E R**

Plaintiff, _pro se_, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Leavenworth County Jail (LCJ). Plaintiff has presented his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a _pro se_ complaint and applies "less stringent standards than formal pleadings drafted by lawyers." _Erickson v._

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.[2] United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a

---

[2] The court may also consider the exhibits attached to the complaint.

cause of action' will not suffice" to state a claim. <u>Khalik v.</u>
<u>United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting
<u>Twombly</u>, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation
will vary with the constitutional provision at issue." <u>Pahls v.</u>
<u>Thomas</u>, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted).
Liability also depends upon on an individual defendant's personal
involvement in the constitutional violation. <u>Id.</u>   The Tenth
Circuit has given the following guidance for alleging a viable §
1983 claim:

> Because § 1983 ... [is a] vehicle[ ] for imposing
> personal liability on government officials, we have
> stressed the need for careful attention to particulars,
> especially in lawsuits involving multiple defendants. It
> is particularly important that plaintiffs make clear
> exactly who is alleged to have done what to whom, ... as
> distinguished from collective allegations. When various
> officials have taken different actions with respect to
> a plaintiff, the plaintiff's facile, passive-voice
> showing that his rights "were violated" will not
> suffice. Likewise insufficient is a plaintiff's more
> active-voice yet undifferentiated contention that
> "defendants" infringed his rights.

<u>Id.</u> at 1225-26 (citation, quotation, and alteration omitted).

II. <u>The complaint</u>

Plaintiff generally claims deliberate indifference to serious
medical needs and wanton infliction of pain which amounts to a
violation of the Eighth and Fourteenth Amendments and "Equal
Protection."  More specifically, he alleges that he is a Type 1
insulin dependent diabetic and that he also suffers from bipolar

disorder and severe depression.  He asserts that he entered LCJ on October 18, 2021 and that he signed a release giving LCJ access to his medical records from the Glen Oaks Mental Hospital in Texas where plaintiff last received professional care for his diabetes and bipolar depression.

Plaintiff claims that contrary to his previous doctor's orders, he was placed on Metphormin and on a sliding scale insulin regime.  He asserts that he did not receive long-acting insulin until December 14, 2021 and did not receive any bipolar medications until December 9, 2021.  He claims that he did not have an "in range" blood sugar until December 14, 2021.

Plaintiff complains that he has not received his insulin, a bedtime snack, or bipolar medication in accordance with his previous doctor's orders.  The complaint notes that at LCJ plaintiff currently receives 15 units of N insulin at breakfast and dinner, and bipolar medication only at night.  This differs from the previously prescribed regimen.[3]

Plaintiff states that that he knows and fears that his physical and mental health has been damaged permanently, but he does not describe a specific injury.

---

[3] The previously prescribed regimen, as alleged in the complaint, was:  20 units of N insulin at breakfast and dinner; 6 units of R insulin at breakfast, lunch and dinner; and a bedtime snack.  Also, "bipolar medication," including mood stabilizer, anxiety and insomnia medications, were to be taken morning and night.

Plaintiff names two defendants in his complaint: Andrew Dedeke, the Sheriff of Leavenworth County; and Eric Thorne, the LCJ commander.

## III. Screening

### A. Medical care

To state a claim for an unconstitutional denial of medical care under either the Eighth or Fourteenth Amendments, plaintiff must allege facts plausibly showing that a defendant acted with deliberate indifference towards his medical conditions. Prince v. Sheriff of Carter County, ___ F.4th ___, 2022 WL 763416 *5 (10th Cir. 3/14/2022). This requires an analysis of the "objective severity of the harm suffered as well as the subjective mental state of the defendant with respect to such harms." Id. at *6. "The objective component examines whether the medical condition or harm claimed by the inmate was 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause . . . . [The] subjective component analysis then considers whether the defendant knew of and disregarded the serious risk to the inmate's health." Id. (quoting Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009)).

"A medical condition is 'sufficiently serious' when 'the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Al-Turki v.

5

Robinson, 762 F.3d 1188, 1192-93 (10th Cir. 2014)).  The court believes the complaint plausibly alleges "sufficiently serious" conditions, namely diabetes and bipolar depression, which appear to have been diagnosed by a doctor.

As for the subjective component, the Tenth Circuit has stated:

> In analyzing the subjective component of deliberate indifference, we consider evidence of the prison official's culpable state of mind, and are satisfied when the record evidence establishes that the official knows of and disregards an excessive risk to inmate health or safety.

Id. at *7 (interior quotations and citations omitted).  A plaintiff need not prove that a defendant had actual knowledge of the health risk or that a defendant actually intended the plaintiff to be harmed.  Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005).  It is sufficient if circumstantial evidence supports an inference that a defendant failed to verify or confirm a risk that he strongly suspected to exist.  Id.  Liability cannot be founded, however, merely upon a claim of supervisory liability without a supervisor's personal participation.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  There must be an affirmative link between the constitutional deprivation and the supervisor's personal participation, exercise of control or direction, or failure to supervise.  Id.

The facts alleged in the complaint do not plausibly show that either defendant had any involvement with or knowledge of

6

plaintiff's medical condition, plaintiff's previous doctor's
orders, or plaintiff's medical treatment at LCJ. Plaintiff also
does not allege facts showing that either defendant had knowledge
that the medical treatment afforded at LCJ caused an excessive
risk to plaintiff's health and safety or to the health and safety
of inmates in general. Without facts demonstrating personal
involvement and deliberate indifference by a defendant, plaintiff
has not stated a plausible cause of action against that defendant.
Consequently, plaintiff has failed to state a claim for relief
against either defendant for inadequate medical care in violation
of the Eighth or Fourteenth Amendment.

B. Equal protection

Plaintiff makes a conclusory claim that he has been denied
the equal protection of the law. "An equal protection violation
occurs when the government treats someone differently than another
who is similarly situated." Penrod v. Zavaras, 94 F.3d 1399, 1406
(10th Cir. 1996). The complaint does not allege purposeful
discrimination or facts showing that he was treated differently
from similarly situated inmates without a rational reason.
Therefore, it appears that plaintiff has failed to allege a
plausible equal protection violation.

IV. Conclusion

For the above-state reasons, the court shall grant plaintiff
time until April 22, 2022 to show cause why this case should not

be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

       **IT IS SO ORDERED**.

       Dated this 21st day of March 2022, at Topeka, Kansas.

                     s/Sam A. Crow _____
                     U.S. District Senior Judge